IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES SURGET SHIELDS, IV,            )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )   Case No. CV-94-H-1904-NE
                                     )
JOE PATTERSON, ANGIE QUICK,          )
ANN KING,                            )
                                     )
            Defendants               )

MEMORANDUM OPINION

Following a non-jury trial on December 7, 1998, the magistrate judge filed his report and recommendation on December 14, 1998, setting forth proposed findings of fact and conclusions of law for consideration by the court, and recommending that judgment be entered in favor of the plaintiff and against defendants Quick and King in the amount of $5,000. Defendants filed their objections on December 30, 1998. Based on one objection raised by the defendants, the magistrate judged filed a correction of his report and recommendation, changing one proposed finding of fact, on January 13, 1999.[1] No further responses or objections have ben

---

[1] Initially, the magistrate judge found that Nurse Quick responded to plaintiff's request to see a doctor only by scheduling him on the doctor's appointment list. The corrected report and recommendation finds that she also called the cell block guards to ask whether they had seen plaintiff experiencing any problems, and she was told they had not seen any problems.

filed by the parties.

The court has now reviewed and considered *de novo* all the materials in the court file, including transcripts of the trial testimony. Insofar as defendants' objections question the magistrate judge's failure to consider the testimony of Sgt. Alfred Hammond and Steve Flora, Director of the Huntsville Metro Treatment Center, the objections are due to be overruled. The magistrate judge simply found those parts of the testimony emphasized in the objections of the defendants less probative than the testimony of the plaintiff and other parts of Flora's testimony concerning the effects of methadone withdrawal. Likewise, the plaintiff's letter of May 23, 1994, carries less probative value about the conditions of withdrawal suffered by plaintiff because, unlike the implication suggested by defendants, it was written after the time the withdrawal symptoms would have ceased.[2]

Notwithstanding Flora's testimony that methadone withdrawal is not "usually" life threatening, it is a reasonable inference from

---

[2] Plaintiff went to jail on May 4, 1994. Withdrawal ordinarily starts two to three days after the last dose, and lasts ten to fourteen days. Plaintiff first sought medical attention on May 9 — five days after entering the jail. Assuming his symptoms lasted the full fourteen days, May 23 was the end of his withdrawal. His comment that he was doing well may signal nothing more than that he had recovered from withdrawal by then. That being so, less weight must be attributed to it.

the evidence that it can become life threatening if it is left completely untreated. Both plaintiff and Flora described methadone withdrawal as involving diarrhea, vomiting, chills, muscle aches, and insomnia. While true these symptoms usually are not life threatening, it is reasonable to conclude that they are serious enough not to be left untreated for fourteen days. Indeed, Nurse Quick understood methadone withdrawal symptoms to be serious enough that either medical protocol or the explicit instructions of Dr. Sharp required her to report them to the doctor when they occurred.

For this same reason, defendant's objection to the finding that they knew plaintiff was suffering from a serious medical need is overruled. Nurse Quick testified that she recognized that medical protocol called for her to notify Doctor Sharp once plaintiff's methadone withdrawal started. Thus, methadone withdrawal is a condition recognized by the medical profession as one that requires medical attention and treatment.

The court also concurs with the magistrate judge's conclusion that the response of the defendants to plaintiff's pleas for medical help, in light of their actual knowledge that he was experiencing methadone withdrawal, was deliberate indifference. They took no minimal steps to evaluate his situation. As the magistrate judge noted, because they knew he was a methadone addict

3

and, consequently, knew he would experience withdrawal symptoms, they were under an obligation, both medically and legally, to take reasonable steps to monitor his condition and report it to Dr. Sharp for attention.

Finally, the court also agrees with the magistrate judge's analysis and rejection of the qualified immunity defense. On these same essential facts, the Eleventh Circuit has already rejected these defendants' assertion of the defense. The alcohol withdrawal cases decided by the court of appeals adequately put jail medical personnel on notice that deliberate indifference to serious drug-withdrawal symptoms violates the Eighth Amendment.

The objections raised to the report and recommendation are due to be OVERRULED, and the report and recommendation as corrected is hereby ADOPTED and ACCEPTED by the court. The court will enter judgment against the defendants, jointly and severally, and in favor of the plaintiff, in the amount of $5,000.

A separate judgment will be entered.

DONE this the ___25th___ day of March, 1999.

JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE